**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VICTOR MARTINEZ, | No. CV 05-1942 PHX DGC (BPV) |
| Plaintiff, | ORDER |
| v. | |
| JOSEPH M. ARPAIO, | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint. (Doc. 7).

**BACKGROUND**

Plaintiff filed a *pro se* Civil Rights Complaint by a Prisoner (Doc. 1) on June 28, 2005. On September 12, 2005, the Court ordered Defendant Arpaio to answer Plaintiff's allegation that Defendant violated Plaintiff's constitutional rights by subjecting him to overcrowded and unsanitary living conditions and failing to provide him with adequate meals while Plaintiff was incarcerated in a Maricopa County jail. Doc. 3. On October 19, 2005, Plaintiff filed a notice of a change of address. Doc. 6.

1    On November 26, 2005, Defendant Arpaio filed a motion to
2 dismiss Plaintiff's complaint (Doc. 7).  Defendant argues the
3 entire complaint must be dismissed because Plaintiff failed to
4 exhaust his administrative remedies as required by 42 U.S.C.
5 § 1997e(a).

6    On January 23, 2006, Plaintiff was ordered to answer the
7 motion to dismiss.  Doc. 9.  Plaintiff was warned by the Court
8 that his failure to respond to Defendant's motion prior to
9 February 22, 2006, could be deemed consent to the entry of
10 judgment against Plaintiff, pursuant to Rule 7.2, United
11 States District Court for the District of Arizona Local Rules
12 of Civil Procedure.  Plaintiff has not, as of April 10, 2006,
13 responded to Defendant's motion to dismiss his complaint.

**Discussion**

**A. Standard for granting a motion to dismiss**

16    When deciding a motion to dismiss pursuant to Federal
17 Rule of Civil Procedure 12(b)(6), the Court must take the
18 factual allegations of the complaint as true and construe them
19 in the light most favorable to the plaintiff.  See Galbraith
20 v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002);
21 Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir.
22 1996).  Additionally, *pro se* complaints are held to a less
23 strict standard than those drafted by counsel.  See Estelle v.
24 Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  It is
25 not appropriate to dismiss a pro se prisoner's civil rights
26 action unless it is "beyond doubt that the plaintiff can prove
27 no set of facts in support of his claim which would entitle

him to relief." Id. See also Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir. 1987).

**B. Exhaustion**

Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002).

A plaintiff must fully exhaust his administrative remedies before filing a section 1983 complaint. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). To fully exhaust a section 1983 claim, a prisoner must pursue his grievance to the highest administrative level available to him. See Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); Morgan v. Maricopa County, 259 F. Supp. 2d 985, 990-91 & n.13 (D. Ariz. 2003).

Exhaustion is an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional prerequisite. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert.

1  <u>denied</u>, 124 S. Ct. 50 (2003); <u>Giano v. Goord</u>, 380 F.3d 670,
2  675 (2d Cir. 2004).  Therefore, Defendant has "the burden of
3  raising and proving the absence of exhaustion."  <u>Wyatt</u>, 315
4  F.3d at 1119.  The failure to exhaust administrative remedies
5  under the PLRA is treated as a matter in abatement and is
6  properly raised in an unenumerated Rule 12(b) motion.  <u>Id.</u>
7  "In deciding a motion to dismiss for a failure to exhaust
8  nonjudicial remedies, the court may look beyond the pleadings
9  and decide disputed issues of fact."  <u>Id.</u> at 1119-20.  "If the
10 district court concludes that the prisoner has not exhausted
11 nonjudicial remedies, the proper remedy is dismissal of the
12 claim without prejudice."  <u>Id.</u> at 1120.
13      It is Defendant's burden to prove an absence of
14 exhaustion regarding Plaintiff's claims.  Defendant presents
15 evidence that Plaintiff had administrative remedies available
16 to him regarding his section 1983 claims.
17      Additionally, Rule 7.2, United States District Court for
18 the District of Arizona Local Rules of Civil Procedure
19 provides that a party's failure to respond to a motion may, in
20 the Court's discretion, be deemed a consent to the Court's
21 granting of judgment in favor of the movant.  <u>See</u> <u>Brydges v.</u>
22 <u>Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).  When the Court
23 has warned the non-moving part that their failure to respond
24 "'shall constitute a consent'" to the granting of the motion,
25 the Court may properly exercise its discretion to a motion
26 based on the non-moving party's construed consent.  <u>Id.</u>  <u>See</u>
27 <u>also</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995)
28 (holding that the district court did not abuse its discretion

by summarily granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to the motion but failed to do so).

### Conclusion

Defendant has presented evidence to the Court that administrative remedies were available to Plaintiff and that Plaintiff failed to exhaust them. Plaintiff makes no assertion in response to the motion. The Court concludes that Plaintiff's complaint must be dismissed without prejudice pursuant to section 1997e because Plaintiff failed to exhaust his administrative remedies regarding his claims prior to filing his section 1983 suit.

**IT IS ORDERED THAT** Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**.

Plaintiff's complaint is hereby **dismissed without prejudice**.

DATED this 13th day of April, 2006.

_David G. Campbell_
David G. Campbell
United States District Judge